IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALLIANT COMMERCIAL, LLC,<br>Appellant,<br>vs.<br>THE BANK OF NEW YORK MELLON,<br>F/K/A THE BANK OF NEW YORK AS<br>TRUSTEE FOR THE CERTIFICATES<br>OF CWALT 2005-38,<br>Respondent. | No. 76565<br><br>FILED<br><br>JUN 1 7 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in an action to quiet title to real property. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

The district court correctly entered judgment for respondent The Bank of New York Mellon, as its agent Miles Bauer tendered $855 to the HOA's foreclosure agent, which equaled the amount due for 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine month of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21.

Appellant contends that the tender contained an improper condition in that it stated that "[p]aragraphs (j) through (n) of [NRS 116.3102 (2012)] clearly provide that such a lien is JUNIOR to first deeds

SUPREME COURT<br>OF<br>NEVADA

(O) 1947A

19-26033

of trust to the extent the lien is for fees and charges imposed for collection and/or attorney fees, collection costs, late fees, service charges and interest." Appellant contends this is a misstatement of the law because subsection (j) cross-references NRS 116.310312, which addresses maintenance and nuisance abatement charges, and such charges are not junior to the first deed of trust, but are instead part of the superpriority portion of the lien. *See* NRS 116.3116(2) (2012); *Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 117 (recognizing that the superpriority portion of the HOA's lien includes nine months' worth of assessments, plus any maintenance and nuisance abatement charges).

Appellant equates this purported misstatement of the law to an impermissible condition that made the bank's tender ineffective. *See Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 118 (providing that "valid tender must be unconditional, or with conditions on which the tendering party has a right to insist" such as receipt for full payment or surrendering the obligation). We disagree. Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. *See id.* Furthermore, no such charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect. *Id.* at 121 ("A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default." (citing 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b), (c) & cmt. c, d (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the

reason for rejection does not alter the tender's legal effect). Accordingly, appellant's predecessor-in-interest—and subsequently appellant—took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish


cc:     Hon. Joanna Kishner, District Judge
        Hong & Hong
        Akerman LLP/Las Vegas
        Eighth District Court Clerk